OPINION AND ORDER
ISSUES
Appellant raises two issues on appeal:
1. Insufficiency of evidence to meet burden of proof.
2. Due process violations; i.e.—could not present witnesses or give statement.
STANDARD OF REVIEW
Our Standard of Review for appeals is stated in II CCOJ § 202.
“The jurisdiction of the Court of Appeals shall extend to all appeals from final orders and judgments of the Tribal Court. The Court of Appeals shall review de novo all determinations of the Tribal Court on matters of law, but shall not set aside any factual determinations of the Tribal Court if such determinations are supported by substantial evidence.”
FACTS
Dale Rowe was charged with Aggravated Sexual Assault of a Minor, a felony. Appellant Rowe appeared pro se throughout the Tribal Court proceedings. He waived his right to a jury trial and appeared pro se at a bench trial before Honorable Robert Welch on November 8, 2007. At the conclusion of the trial, Judge Welch found him guilty. On May 14, 2008, he *253 was sentenced to one year in jail, with credit for time served, commencing November 8, 2007.
Both parties stand on the record, which is the record of Appeal # 492, being the bench trial proceeding held on November 8, 2007.
DISCUSSION
Issue One. Insufficiency of evidence to meet burden of proof.
This Court reviewed the transcript of proceedings and finds that there was sufficient evidence presented to the Fort Peck Tribal Court to sustain a conviction beyond a reasonable doubt. The Tribes presented testimony from a number of credible sources, including a child and adolescent counselor, Nellie Boyd. The Tribes also presented testimony from the minor victim, and her mother. The minor child victim, Appellant’s child, gave ample testimony as to the assaults which occurred over the course of time. We find her testimony to be sufficient to conclude that the criminal activity occurred.
As stated in § 202 CCOJ II, the Court of Appeals ... “shall not set aside any factual determination of the Tribal Court if such determinations are supported by substantial evidence”. We find the factual determinations of the trial court to be supported by substantial evidence.
Issue Two. Due process violations.
Appellant alleges due process violations because of his inability to present witnesses or give testimony at his bench trial. Ref. Appeal Notice.
The record does not support such allegations. The trial transcript, page 39, et seq, reveals that Appellant did have an opportunity to present witnesses and give testimony, but chose to present none.
For example:
Judge Welch: “Okay. So, you don’t have anything to present. No witnesses to call?”
Dale Rowe: “No, sir.”
Judge Welch: “Okay. Do you have any evidence that you would like to present to the Court? None?”
Dale Rowe: “No, ...”
We realize that Appellant appeared pro se at his bench trial, but our determinations are limited to the record of the trial court. Appellant chose not to present witnesses or give testimony in his defense, and those opportunities are now past. We cannot be the trier of fact in our deliberations.
BASED ON THE FOREGOING, THE REVIEW OF THE RECORD OF TRIAL AND APPLICABLE LAW, IT IS NOW, THEREFORE, THE ORDER OF THIS COURT AS FOLLOWS:
The conviction of Aggravated Sexual Assault of a Minor is affirmed.